IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN C. SMITH, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-123-NJR |
| QUENNETTA CHAMBERS, CAMERON COLEMAN, EDWARD ERSCHEN, DR. ARNET HARVEY, WENDY LOCHMANN, KATIE MONROE, DELISHA RICHARD, and DR. STEPHANIE SCURLARK-BELT, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On January 28, 2025, Plaintiff Karen C. Smith filed a *pro se* civil rights Complaint alleging that she was not afforded due process under the Fourteenth Amendment related to an employment disciplinary hearing. (Doc. 3). The Complaint also generally references unfair labor practices under the National Labor Relations Act. (*Id.*).

This matter is now before the Court on the Motion to Dismiss filed by Defendant Wendy Lochmann (Doc. 15) and the Motion to Dismiss or Alternative Motion for More Definite Statement and to Strike filed by Defendants Quennetta Chambers, Cameron Coleman, Edward Erschen, Dr. Arnet Harvey, Katie Monroe, Delisha Richard, and Dr. Stephanie Scurlark-Belt (collectively, the "district Defendants") (Doc. 23). Smith did not respond to Defendants' motions.

### BACKGROUND

The following facts are taken from Smith's Complaint and presumed true for the purposes of Defendants' motions to dismiss.

Smith was a paraprofessional at Elizabeth Morris Elementary School ("Elizabeth Morris") in the Cahokia Unit School District #187 ("the district"). (Doc. 3 at p. 5). On September 19, 2022, three paraprofessionals, including Smith, and three special needs students were returning to their classroom after lunch recess. (*Id.*). Defendant Delisha Richard informed someone at the school that Smith took the hand of one student and used it to hit the back of another student's head. (*Id.*). Principal Cameron Coleman was Smith's direct supervisor. (*Id.*). Quinnetta Chambers, the Assistant Director of Special Education, came to Elizabeth Morris and told Smith to leave, not to return, and not to call. (*Id.*). Chambers gave Smith no explanation why. (*Id.*).

Four days later, Smith was advised that she was suspended without pay pending an investigation by the Illinois Department of Children and Family Services ("DCFS"). (*Id.*). Dr. Arnett Harvey, the district Superintendent, signed the suspension letter. (*Id.*). Dr. Harvey indicated in his witness statement that Smith was a good employee. (*Id.*).

DCFS concluded its investigation on November 17, 2022, and determined that Richard's report was unfounded. (*Id.*). However, no one informed Smith of the results of the investigation, so Smith contacted the union and spoke with Wendy Lochmann, President of the Cahokia Commonfields Federation of Teachers Local 1272, IFT-AFT, FL-CIO. (*Id.*). Smith told Lochmann she wanted to file a grievance, but Lochmann told her there was no basis to do so. (*Id.*). Lochmann further advised that Smith could file a

grievance on her own, but the union would not represent her. (*Id.*).

Separately, in February 2022, Lochmann contacted Smith and told her the district had concerns regarding her memory. (*Id.*). Before Smith could return to work, Dr. Stephanie Scurlark-Belt, the Director of Noncertified Personnel, and Katie Monroe, the Human Resources Manager, would require her to undergo a fitness-for-duty test. (*Id.*). If Smith did not take the test or if she failed the test, she would be deemed terminated as of September 2022. (*Id.*).

The district required Smith to retire retroactive to December 2022 and paid her for unused leave. (*Id.*). Human Resources Manager Edward Erschen reported that Smith's health care coverage ended October 2022 and listed her employment dates as August 2016 to October 2022. (*Id.*). Smith remained suspended until March 2023 when the district held a disciplinary hearing. (*Id.*). No witnesses appeared at the hearing; instead, two statements were read by the district's lawyer. (*Id.*). The district stated that it did not accept DCFS's conclusion that no misconduct occurred. (*Id.*). Instead, the district decided to put Smith on progressive discipline procedure for willfully causing injury to a person on school premises. (*Id.*).

Smith filed this *pro se* civil rights lawsuit on January 28, 2025, and paid the filing fee in full. (Doc. 3). Smith purports to bring claims under "*Cleveland Board of Education v. Loudermill*, 470 U.S. 532, the Due Process Clause of the Fourteenth Amendment, Weingarten Rights, Section 7 of the Labor Relations Act (NLRA), Local 1272 Collective Bargaining Agreement, [and] Article 37b Unfair Labor Practice (NLRA)." (*Id.*). She seeks compensatory damages of $150,000 and punitive damages of $50,000. (*Id.*).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). "The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id.* (citing *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir. 2015)).

## DISCUSSION

All Defendants move to dismiss Smith's Complaint because it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and because Smith has not exhausted her administrative remedies with the Illinois Department of Human Rights (IDHR). (Docs. 15, 23). The district Defendants also seek dismissal of Smith's claims, to the extent she is bringing them under 42 U.S.C. § 1983, because they are barred by the

statute of limitations and fail to state a claim under Rule 12(b)(6). The district Defendants finally request that they be found immune from suit, that Smith's request for punitive damages be stricken, and that the case be dismissed with prejudice.

*Pleading Deficiencies*

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555)).

Rule 10 sets out the format of pleadings, requiring that claims or defenses be set forth in numbered paragraphs, limited to a single set of circumstances. FED R. CIV. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." *Id.* The purpose of Rule 10(b), in conjunction with the general rules of pleading under Rule 8, is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Unintelligibility is "a legitimate reason" for rejecting a complaint under Rule 10. *Id.* at 798. "[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.*

Here, while Smith's Complaint certainly is not unintelligible, it is insufficient to give Defendants fair notice of the claims against them. Smith's factual allegations, which are combined into two paragraphs on a single page, do not specify which claims apply to which Defendants or how the actions of any specific Defendant violated her right to due process or any other constitutional or statutory right. With regard to the due process afforded at the disciplinary hearing, Smith does not state whether she attended the hearing or whether she was given an opportunity to testify. And it is unclear from her allegations whether Smith was terminated in September 2022 because of the fitness-for-duty test, whether she was deemed terminated in October 2022 per Human Resources Manager Erschen, whether she was forced to retire as of December 2022, or whether she remained suspended until March 2023.[1]

Because the Complaint is deficient under Rules 8 and 10, the Court finds that dismissal—without prejudice and with leave to amend the Complaint—is appropriate. Defendants' other arguments for dismissal, including the statute of limitations, whether Smith has sufficiently pleaded the elements of a § 1983 claim, and whether they are immune under the Illinois Tort Immunity Act are premature considering their assertion that the Complaint, as it stands, is too vague and confusing to answer the pleading. Defendants' assertion that Smith has failed to exhaust her administrative remedies under

---

[1] The district Defendants also argue that the Complaint does not state whether Smith is suing Defendants Dr. Scurlark-Belt, Monroe, Erschen, or Richard in their official or personal capacities, which is vital when pursuing civil rights claims under § 1983. As the Seventh Circuit recently recognized, "[t]hat omission alone does not render the pleadings deficient." *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025). "Instead, courts must evaluate the complaint 'in its entirety' and look to the 'conduct alleged' to determine whether the plaintiff intends to sue the defendant in an official or individual capacity." *Id.* (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)).

Title VII, the Americans with Disabilities Act, and the Illinois Human Rights Act is also premature, as it is unclear from the Complaint as it stands whether Smith intends to assert a claim under any of these statutes related to her fitness-for-duty test.

## CONCLUSION

For these reasons, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss filed by Defendant Wendy Lochmann (Doc. 15) and the Motion to Dismiss or Alternative Motion for More Definite Statement and to Strike filed by Defendants Quennetta Chambers, Cameron Coleman, Edward Erschen, Dr. Arnet Harvey, Katie Monroe, Delisha Richard, and Dr. Stephanie Scurlark-Belt (Doc. 23).

The Complaint filed by Plaintiff Karen C. Smith is **DISMISSED without prejudice**. Smith is **GRANTED** leave to amend her Complaint, on or before **November 17, 2025**, to provide a more definite statement of her factual allegations and the claims she is asserting in this matter. Once the Amended Complaint is filed, Defendants may re-raise their arguments for dismissal under Rule 12(b)(6).

If Smith fails to file an Amended Complaint as ordered above, this entire action will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:   October 17, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**